## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MAGIC TRANSPORT, INC.<br>**Plaintiff**<br><br>v.<br><br>PROPERTY DAMAGE CONTRACTORS &<br>SPECIALTY CLEANING INC.; THE<br>RUGS SPA PUERTO RICO, INC.;<br>WILLIAM AYALA CAMACHO<br>**Defendants** | **Civil No. 2019cv1187**<br><br>**In Admiralty** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, Magic Transport, Inc. ("Magic"), through its undersigned attorney, and respectfully STATES, ALLEGES, and PRAYS as follow:

### I. JURISDICTION AND VENUE

**1.** This is an action in admiralty pursuant to 28 U.S.C. § 1333 and Fed. R. Civ. P. 9(h).

**2.** Venue is appropriate in this District since the cargo that is the subject of the suit was destined for Puerto Rico, where the Defendants reside and have their center of operations.

### II.  THE PARTIES

**3.**   Magic is a corporation duly organized and existing under the laws the Commonwealth of Puerto Rico and is engaged in the carriage of goods by sea as a Non-Vessel Operating Common Carrier ("NVOCC") in the domestic offshore trade of the United States and in international trade.

**4.**   Property Damage Contractors & Specialty Cleaning, Inc. ("PDCSC") is a corporation created and organized under the laws of the Commonwealth or Puerto Rico with offices located Calle Dorado 1350, Puerto Nuevo, San Juan, Puerto Rico, 00920.

**5.**   The Rugs Spa Puerto Rico, Inc. ("RSPR") is a corporation created and organized under the laws of the Commonwealth or Puerto Rico with offices located 5312 Calle Gallera, Sabana Seca, Puerto Rico 00952.

**6.**   William Ayala Camacho is a resident of Puerto Rico and principal and sole shareholder of Property Damage Contractors & Specialty Cleaning, Inc., and The Rugs Spa Puerto Rico, Inc.

### III. FACTUAL ALLEGATIONS

**7.**   Magic is engaged in the ocean and multimodal transportation of goods as a non-vessel operating common carrier or NVOCC. [1]

---

[1] "In the usual course, an NVOCC assembles small lots into a single large container at a determinate point of origin for shipment and handling by an ocean carrier to a specified destination. The freight forwarder arranges for the bulk load to be broken down dock-side or moved inland to a dispersal point, as circumstances warrant. In either event, the container is unloaded by the NVOCC's agents or contractors, and the goods delivered to the

**8.** PDCSC, on behalf and for the benefit of RSPR, contracted Magic to ship certain rug cleaning machines from Turkey to Puerto Rico. At all relevant times herein, said machines were and are owned by RSPR who received them and at all times was entitled to their possession.

**9.** Magic arranged for the transportation of the above described shipments on board vessels operated by ocean carriers and pre-paid freight and other transportation charges to said carriers.

**10.** Magic fulfilled and complied with all of its obligations arising out of the contracts of carriage with the defendants including delivery of the above described shipments and invoiced PDCSC accordingly. (Exhibits 1 and 2).

**11.** On or about June 7, 2018, William Ayala gave Magic a PDCSC check number 1237 for $8,320.00 to secure delivery of the machines by Magic. Once Magic delivered the machines to the defendants, the defendants illegally and fraudulently contacted Firstbank and requested that payment of said check be stopped. (Exhibit 3).

**12.** According to the terms and conditions of the Bills of Lading, defendants must pay Magic for freight and transportation

---

individual consignees. As a freight forwarder, an NVOCC is considered the "carrier."" *See* Polyplastics, Inc. v. Transconex*, Inc.*, 827 F.2d 859, 860 (1st Cir. 1987); Fireman's Fund American Insurance Companies v. Puerto Rican Forwarding Co., 492 F.2d 1294, 1295 (1st Cir. 1974).

charges related to the above described shipments.

**13.** According to the terms and conditions of the Bills of Lading, defendants William Ayala and RSPR are jointly and severally liable with PDCSC for the payment of all charges, and for the performance of the obligations of any of them under these bills of lading.

**14.** All defendants are considered "Merchants" under the terms and conditions of Magic's bills of lading, which provide in relevant part that:

> "Merchant" means and includes the shipper, **the consignee, the receiver,** the holder of this bill of lading, **the owner of the Goods or person entitled to the possession of the Goods or the person on whose account the Goods are shipped** and the servants or agents acting on behalf of any of these including, but not limited to, freight forwarders, and their principals, all of whom shall be jointly and severally liable to the Carrier for the payment of all Charges, and for the performance of the obligations of any of them under this bill of lading.

(See Exhibit 4, Clause 1(j)).

**15.** To date, defendants have refused to pay Magic $8,320.00 in ocean freight and other transportation related charges without cause.

**Count I – Collection of Monies Against PDCSC**

**16.** Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

**17.** The goods shipped by Magic under the relevant bills of

lading were consigned to PDCSC at its request.

**18.**   The "consignee is *prima facie* liable for the payment of the freight charges when he accepts the goods from the carrier." States Marine Int'l, Inc. v. Seattle-First Nat'l Bank, 524 F.2d 245, 248 (9th Cir. 1975) quoting Pittsburgh C.C. & St. Louis R.R. v. Fink, 250 U.S. 577, 581, 63 L. Ed. 1151, 40 S. Ct. 27 (1919).

**19.**   A consignees' liability for payment of freight charges may also be agreed by the parties by inclusion of such obligation in the bills of lading. See States Marine Supra.

**20.**   Consequently, PDCSC is liable for payment of freight charges in the amount of $8,320.00.

**Count II – Collection of Monies Against William Ayala and RSPR**

**21.**   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

**22.**   Pursuant to the terms and conditions of Magic's bill of lading all of the Persons coming within the definition of "Merchant", including any principal of such Person, shall be jointly and severally liable to the Carrier for the payment of all freight charges and the amount due to the Carrier and for any failure of either or both to perform his or their obligations under the provisions of the Bill of Lading. (See Exhibit 4, Clause 22, ¶4).

**23.** Mr. Ayala, as a principal of both PDCSC and RSPR, is jointly and severally liable to Magic for the payment of all charges, and for the performance of the obligations of any of them under this bill of lading.

**24.** RSPR, as the owner, receiver, and person entitled to possession, and on whose account the goods where shipped, is jointly and severally liable with the co-defendants for the payment of freight charges to Magic.

### Count III – Attorneys' Fees

**25.** Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

**26.** The Bills of Lading terms and conditions further provide that defendants are liable for attorneys' fees and expenses in the event it fails to pay freight and other transportation charges. Thus, defendants must pay Magic attorneys' fees, in addition to costs and expenses.

**WHEREFORE,** Plaintiff asks the Court to enter Judgment against defendants jointly and severally in the amount of $8,320.00. for ocean freight and other transportation related charges without cause; $ attorneys' fees, in addition to costs and expenses; plus pre and post judgment interest.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 26th day of February 2019.

6

**CASTAÑER & CÍA P.S.C.**
MAI Center
Marginal Kennedy
771 Cll 1, Ste 204
San Juan, PR 00920
Tel. (787) 707-0802
Fax:1(888) 227-5728
alberto@castanerlaw.com

**Attorneys for Magic Transport, Inc.**


**By:s/**Alberto Castañer
    **Alberto J. Castañer**
     **USDC-PR No. 225706**